USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CARLOS GOMEZ, individually and on behalf of all
others similarly situated,

                      Plaintiff,

      -v-

GRAVITAS TECHNOLOGY, INC.,

                    Defendant.

Case No. 10-cv-6412 ~~(PAC)~~(JCF)

### ~~[PROPOSED]~~ ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASSES, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

The above-entitled matter came before the Court on a Joint Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval").

### I.    Preliminary Approval of Settlement

1.    Based upon the Court's review of the Joint Memorandum of Law in Support of the parties Motion for Preliminary Approval, the Declaration of Christopher Q. Davis ("Davis Declaration"), and all other papers submitted in connection with the Joint Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Settlement Agreement and Release between Plaintiffs and Defendant Gravitas Technology, Inc. ( "Defendant" or "Gravitas") ("Settlement Agreement"), attached as Exhibit D to the Davis Declaration, and "so orders" all of its terms.

2.    The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re*

*Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 4082, 2010 WL 2945556, at *1 (S.D.N.Y. July 22, 2010).

3.      The Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4.      The assistance of U.S. Magistrate Judge James C. Francis in the parties' mediation reinforces that the Settlement Agreement is non-collusive and was conducted at arm's-length. *In re Telik, Inc. Securities Litigation*, 576 F. Supp. 2d 570, 576 (S.D.N.Y. 2008) (approving settlement and finding that participation of judge gave assurance that settlement was non-collusive and conducted at arm's-length); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440, 2010 WL 2399345, at *1 (S.D.N.Y. Apr. 19, 2010) (granting preliminary approval to settlement that resulted from mediation overseen by an experienced class action employment mediator).

## II.      Conditional Certification of the Proposed Rule 23 Settlement Class

5.      Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, et al., 2009 WL 6615729, at *4 (S.D.N.Y. Nov. 27, 2009).

6.      The Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e), for settlement purposes:

> Individuals who Gravitas employed in the positions of Network Engineers, Level I and Level II, as well as paid Interns, all of whom performed mostly incident management, commonly known as "troubleshooting", and other nonexempt functions who work or have worked for Gravitas beginning August 27, 2004 through December 31, 2010 who were not paid overtime.

(Ex. D §§ 2.3, 5.5).

  7. Plaintiffs meet all of the requirements for class certification under Federal Rules of Civil Procedure 23(a) and (b)(3).

    a. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately fifty-nine (59) Class Members, (Davis Decl. ¶ 28), and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

    b. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including whether Defendant violated wage and hour laws by failing to pay an overtime premium. *See Diaz*, 2010 WL 2945556, at *1 (finding Rule 23(a)(2) satisfied where common issues included whether defendants failed to pay plaintiffs and class members minimum wages, overtime wages, and spread of hours pay, made unauthorized deductions from their pay, and failed to maintain accurate time records); *Clark*, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and . . . whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

    c. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Diaz*, 2010 WL 2945556, at *2 ("Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims."); *Clark*, 2009 WL 6615729, at *5 (same); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 182 (W.D.N.Y. 2005)

(finding that class members satisfied the typicality requirement where "all class members . . . allege that Kodak failed to pay them . . . overtime wages for hours worked in excess of forty per week during the relevant time period").

       d.    Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because their interests are not antagonistic or at odds with Class Members' interests. *See Diaz*, 2010 WL 2945556, at *2 (finding adequacy satisfied where plaintiff's interests were not antagonistic or at odds with class members' interests); *Clark*, 2009 WL 6615729, at *5 (same). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (quoting *Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998)) (internal quotation marks omitted). Plaintiffs' counsel meet the adequacy requirement of Rule 23(a)(4) because their "experience, knowledge of this area of law, work invested in identifying the potential claims in this action, and ability to commit sufficient resources to representing the class also satisfy the Rule 23(g) requirements for appointment as class counsel." *Spicer v. Pier Sixty LLC*, 269 F.R.D. at 337-338 S.D.N.Y 2010 (citing *Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 346 (S.D.N.Y.2004)).

       e.    Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Here, Class Members' common factual allegations and common legal theory – that Defendant violated federal and state wage and hour laws by failing to pay them for premium overtime hours – predominate over any factual or legal variations among class members. *See Clark*, 2009 WL 6615729, at *5 (finding common factual allegations and common legal theory to predominate over factual and legal variations among class members in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to

4

deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack the resources to bring their claims individually. *See Damassia v. Duane Reade, Inc.,* 250 F.R.D.152, 161 (S.D.N.Y. 2008).

### III.   Appointment of Plaintiffs' Counsel as Class Counsel

10.     The Court appoints The Ottinger Firm, P.C. ("Plaintiffs' Counsel") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia,* 250 F.R.D. at 165. Rule 23(g), which governs the standards and framework for appointing class counsel for a certified class, sets forth four criteria the district court must consider in evaluating the adequacy of proposed counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law; and" (4) "the resources that counsel will commit to representing the class". Fed. R. Civ. P. 23(g)(1)(A).

11.     The Ottinger Firm, P.C. has done substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the Class Members' claims. (Davis Decl. ¶¶ 9-17).

12.     The Ottinger Firm, P.C. has substantial experience prosecuting and settling employment class actions, including wage and hour class actions; the lawyers assigned to this matter are well-versed in wage and hour law and in class action law and are well-qualified to represent the interests of the class. (Davis Decl. ¶¶ 31-35).

13.     The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

14.     In addition, courts have repeatedly found The Ottinger Firm, P.C. to be adequate

5

class counsel in wage and hour class actions.  (Davis Decl. ¶ 32).

**V.      Notice**

15.     The Court approves the Notice of Proposed Settlement of Class Action,

Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing

Date for Final Court Approval ("Proposed Notice"), attached as Exhibit 1 to the Notice of

Motion for Preliminary Approval.

16.     The content of the Proposed Notice fully complies with due process and Federal

Rule of Civil Procedure 23.

17.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including
> individual notice to all members who can be identified through
> reasonable effort. The notice must concisely and clearly state in
> plain, easily understood language: the nature of the action; the
> definition of the class certified; the class claims, issues, or
> defenses; that a class member may enter an appearance through
> counsel if the member so desires; that the court will exclude from
> the class any member who requests exclusion, stating when and
> how members may elect to be excluded; and the binding effect of a
> class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

18.     The Proposed Notice satisfies each of these requirements and adequately puts

Rule 23 Class Members on notice of the proposed settlement.  *See, e.g., In re Michael Milken &*

*Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the

terms of the settlement generally").  The Proposed Notice is appropriate because it describes the

terms of the settlement, informs the class about the allocation of attorneys' fees, and provides

specific information regarding the date, time, and place of the final approval hearing.

19.     The Proposed Notice also satisfies the FLSA. "Under the FLSA, the content of

the notice to be provided to potential class members is left to the broad discretion of the district

6

court." *Summa v. Hofstra University*, 715 F.Supp.2d 378, 392 (E.D.N.Y. 2012) (citing *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F.Supp.2d 89, 95 (E.D.N.Y. 2010). "Courts consider the overarching policies of the collective suit provisions and whether the proposed notice provides accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 55 (S.D.N.Y.2009) (alteration in original). Just as the Proposed Notice satisfies the Rule 23(c) requirements, it likewise meets the FLSA notice standards.

**VI.**   **Class Action Settlement Procedure**

20.   The Court hereby adopts the following settlement approval process:

a.   Within ten (10) days following the Court's entry of the Preliminary Approval Order, Gravitas' Counsel and Class Counsel shall cooperate to provide to Rust Consulting, Inc. ("Rust"), the Settlement Administrator, a list of all Class Members, including last known addresses, telephone numbers, and social security numbers under protection of a confidentiality agreement. (Ex. D § 7(A)).

b.   Rust mails the Notices to Class Members within thirty (30) days of this Court's Order Granting Preliminary Approval. (Ex. D § 7(B)).

c.   Class Members shall have sixty (60) days after the date the Notices are mailed to opt out of or object to the settlement. Should the initial mailing to a Class Member be unsuccessful and require a second mailing, the Class Member will be allowed a second 45-day period to opt-out from the date of the second mailing. However, no mailing shall occur more than forty-five (45) days after the first mailing to the class member. In no event will the Opt-Out Period extend beyond 105 days from the first mailing to Class Members. (Ex. D §§ 7(C)-(D)).

d.   The Settlement Administrator will, within ten (10) days after the last day on which it mails the last Notice to any Class Member, notify Class Counsel and Gravitas' Counsel in writing by e-mail and overnight delivery of the precise date of the Opt-Out period. (Ex. D §§ 7(E)).

e.   The Court will hold a final fairness hearing on September 21, 2012 at 10:00 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, Courtroom 18-D.

f.   Not later than ten (10) days before the final fairness hearing, Plaintiffs will submit a Motion for Judgment and Final Approval of the Settlement, which will seek approval the settlement as fair, adequate, and reasonable and incorporate the terms of the relevant release. Plaintiffs will also move for the payment of attorneys' fees, costs, and the Service Awards. (Davis Decl. ¶ 30).

g.   If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal of the action with prejudice.

h.   The Final Approval date of the Settlements shall be the day after the time for appeal of the Final Order and Judgment has run, or if a party appeals the Court's Final Order and Judgment, the Final Approval date of Settlement shall be the day after all appeals are finally resolved. (Ex. D § 2.10).

i.   Gravitas will deposit the funds for the Qualified Settlement Fund within ten (10) days of Final Approval or August 30, 2012, whichever is later.

j.   The Settlement Shares and Enhancement Payments will be mailed to Participating Class Members by the Settlement Administrator within thirty (30) days following Final Approval or August 30, 2012, whichever is later. (Ex. D §§ 2.10, 6.1, 6.2).

It is so ORDERED this 8 day of _____May_____, 2012.

_James C. Francis IV_
The Honorable James C. Francis
United States Magistrate Judge

8